# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:07-CR-1-1- JRG-RSP |
| | § | |
| BILLY D. JACKSON | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On January 2, 2014, the undersigned held a final hearing on the Government's petition (#114) to revoke supervised release. The Government was represented by Assistant United States Attorney Mary Ann Cozby. The Defendant, Billy D. Jackson, was represented by Wayne Dickey.

Billy D. Jackson was sentenced on October 9, 2007, before The Honorable T. John Ward of the Eastern District of Texas after pleading guilty to the offense of possession with intent to distribute cocaine (Count 1); and assaulting, resisting, and impeding certain officer or employees (Count 2), Class B and C felonies, respectively. These offenses carried a statutory maximum imprisonment term of 40 years and 20 years, respectively. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of I, was 97 to 121 months. The Court departed to a sentence outside the advisory guideline range based on the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1). Billy D. Jackson was subsequently sentenced to 78 months imprisonment followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse aftercare; financial disclosure; and a $200 special assessment.

On December 2, 2011, a motion filed by the defendant for a sentence reduction pursuan to 18 U.S.C. §3582(c)(2) was granted, reducing the term of imprisonment to 70 months, followed by a 4-year term of supervised release. On April 23, 2012, Billy D. Jackson completed his period of imprisonment and began service of the supervision term.

On February 28, 2012, this case was reassigned to the Honorable Rodney Gilstrap, U.S. District Judge.

On April 20, 2012, the conditions of supervised release were modified adding special conditions to include sex offender registration; sex offender treatment; no contact with children under 18 unless supervised by an adult approved by the probation officer; shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct; and search and seizure.

On May 23, 2012, the original term of supervised release was revoked, and Mr. Jackson was sentenced to 4 months imprisonment to be followed by a 2-year term of supervised release.

On November 26, 2013, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) Standard: The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Specifically, the Government alleges as follows: Prior to a polygraph exam on November 20, 2013, Mr. Jackson admitted to drinking in excess on several occasions since September 4, 2013, to the point of what he considered to be intoxicated.

2) Standard: The Defendant shall not associate with any persons engaged in criminal

activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer. Specifically, the Government alleges as follows: Also on November 20, 2013, Mr. Jackson admitted to paying prostitutes for sexual favors at least twice since September 4, 2013.

The Court scheduled a revocation hearing for January 2, 2014. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the allegations as set forth above. Based on the Defendant's plea of true to the allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 3 months, with 2 years supervised release with the same conditions and the first 6 months spent in a halfway house or re-entry facility. The Court recommends service of sentence at FCI Texarkana. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 3 months, with 2 years supervised release with the same conditions and the first 6 months spent in a halfway house or re-entry facility.

At the close of the January 2, 2014 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 6th day of January, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE